# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WELLS FARGO BANK
MINNESOTA N.A.,

      Plaintiff,                                           Case No. 06-10243

v.                                                      Hon. Gerald E. Rosen

DEWEY KINGSLEY-EL,

      Defendant.
_____/

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR REMAND

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 16, 2006

PRESENT: Honorable Gerald E. Rosen
United States District Judge

On January 18, 2006, Defendant removed this case to this Court, evidently on the ground that the case encompasses claims arising under federal law. By motion filed on February 8, 2006, Plaintiff now seeks a remand on the ground that the case was improperly removed to federal court by a Michigan resident on the basis of diversity of citizenship. Defendant has not responded to this motion. Upon reviewing Plaintiff's motion and the record as a whole, the Court finds that this case must be remanded to state court, albeit for reasons somewhat different from those advanced in Plaintiff's motion.

The underlying state court suit had its genesis in Plaintiff's efforts to foreclose on a

mortgage executed by Defendant and his wife, Peggy Kingsley, on property located at 14960 Warwick in Detroit, Michigan.  Defendant and his wife allegedly defaulted on the terms of the mortgage, leading to a foreclosure by advertisement proceeding and a sheriff's sale conducted on January 6, 2005.  Plaintiff submitted the highest bid and became the holder of the sheriff's deed on the property.  After Defendant purportedly failed to redeem the property within a statutory six-month redemption period, Plaintiff commenced the present summary proceeding in a Michigan district court to secure possession of the property.

On August 31, 2005, the state court granted Plaintiff a judgment of possession.  By order issued on October 17, 2005, the court denied Defendant's motion to void the judgment and dismiss the underlying proceeding.  Defendant then filed a claim of appeal on October 21, 2005, requesting that the Wayne County Circuit Court set aside the judgment of possession entered by the state district court.  While this state court appeal was pending, Defendant removed the case to this Court on January 18, 2006.

Under this record, it is apparent, on at least two separate grounds, that the removal of this case to federal court was improper.  First, Defendant did not timely remove the case within 30 days, as mandated under 28 U.S.C. § 1446(b).  Plaintiff commenced this summary proceeding at some point in the summer of 2005, and then received a judgment in its favor on August 31, 2005.  Yet, Defendant did not file his notice of removal until January 18, 2006, over four months after this judgment was entered.  Indeed, Defendant did not even remove the case within 30 days after filing *his own* state court claim of

appeal on October 21, 2005.

Next, and more importantly, Defendant has failed to identify any jurisdictional basis for removal. The underlying state court proceeding involved a purely state-law claim to recover possession of property pursuant to a sheriff's deed. While Defendant suggests in his notice of removal that his federal due process rights were not properly safeguarded in the state court proceedings, a defendant cannot supply the requisite federal question that would permit removal by interposing a federal defense against a claim asserted under and governed by state law. See Alexander v. UDV North America, Inc., 78 F. Supp.2d 614, 618 (E.D. Mich. 1999).[1] Nor does anything else in Defendant's lengthy and rambling notice of removal suggest any possible basis for removal on federal question grounds.[2] It readily follows that this case must be remanded to state court as removed without a proper jurisdictional basis.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 8, 2006 Motion for Remand is GRANTED. IT IS FURTHER ORDERED that this case be REMANDED to the Wayne County Circuit Court as improperly removed.

---

[1] In addition, the Rooker-Feldman doctrine would preclude this Court from exercising jurisdiction where, as here, a losing party in state court "complain[s] of an injury caused by the state-court judgment and seek[s] review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1526 (2005). Defendant's avenue of appeal is to the state circuit court (an avenue he has already begun to pursue), and not a federal district court.

[2] As Plaintiff observes in its motion, Defendant could not, as a Michigan resident, remove the state court proceeding to this Court on the basis of diversity of citizenship. See 28 U.S.C. § 1441(b).

3

                                      s/Gerald E. Rosen  
                                      Gerald E. Rosen  
                                      United States District Judge

Dated: March 16, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2006, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry  
                                      Case Manager